
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SWETA PATEL, an individual,<br><br>Plaintiff,<br>v.<br><br>SYNCHRONY BANK, a foreign corporation, EQUIFAX INFORMATION SERVICES, LLC, a foreign limited-liability company, EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation,<br><br>Defendants. | Case No.: 2:25-cv-0026<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Sweta Patel ("Plaintiff"), by and through the undersigned counsel of record, and for her claims for relief against Defendants, Synchrony Bank ("Synchrony"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual who resides in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Synchrony is a foreign corporation doing business in the State of Nevada.

8. Synchrony regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

13. Experian is a foreign corporation doing business in Nevada.

14. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

15. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

16. Experian disburses said consumer reports to third parties under contract for monetary compensation.

## FACTS

17. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

18. Plaintiff is a victim of identity theft.

19. Without Plaintiff's knowledge or approval, an unknown person or persons opened a consumer credit account with Synchrony under Care Credit Account No. XXXX0506 and incurred $7,663 in fraudulent charges (the "Fraudulent Account").

20. On October 24, 2023, Plaintiff filled out and submitted a law enforcement report with the Federal Trade Commission under Report Number 165681988 regarding the theft of her identity and the Fraudulent Account (the "FTC Report 1").

21. On September 24, 2024, Plaintiff filled out and submitted another law enforcement report with the Federal Trade Commission under Report Number 177941046 regarding the theft of her identity and the Fraudulent Account (the "FTC Report 2").

22. In November and December 2023, Plaintiff submitted written disputes to Equifax and Experian regarding the Fraudulent Account.

23. Plaintiff enclosed FTC Report 1 and proof of her identity with these disputes.

24. In September 2024, Plaintiff submitted written disputes to Equifax and Experian regarding the Fraudulent Account.

25. Plaintiff enclosed FTC Report 2 and proof of her identity with this dispute.

26. On information and belief, Equifax and Experian transmitted Plaintiff's written disputes to Synchrony for investigation.

27. Plaintiff further submitted direct disputes to Synchrony with FTC Report 1.

28. Plaintiff also submitted a Consumer Financial Protection Bureau Complaint against Synchrony regarding the Fraudulent Account in October 2024.

29. Defendants failed to block and remove the Fraudulent Account from Plaintiff's credit reports within thirty (30) days of receipt of Plaintiff's dispute.

30. Defendants failed to investigate or review the disputed information from Plaintiff.

31. Upon receipt of Plaintiff's disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

32. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

33. In failing to delete the fraudulent credit information, Defendants continue to report inaccurate information in violation of the FCRA.

34. In failing to delete the fraudulent credit information, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

35. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively, including a dramatic loss of credit score.

36. As a direct and proximate result of Defendants' violations, Plaintiff was forced to delay consumer loans.

37. As a direct and proximate result of Defendants' violations, Plaintiff suffered emotional distress and mental anguish.

38. As a direct and proximate result of Defendants' violations, Plaintiff suffered lost time spent disputing the inaccurate information on her credit profiles and with law enforcement.

**FIRST CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681e(b) against Equifax and Experian]**

39. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

40. Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

41. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

42. Equifax and Experian's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

43. In the alternative, Equifax and Experian were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

44. As a direct and proximate result of the above-referenced violations by Equifax and Experian, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

46. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

47. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violation of 15 U.S.C. § 1681i against Equifax and Experian]**

48. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

49. Equifax and Experian each violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

50. As a direct and proximate result of this conduct by Equifax and Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

51. Equifax and Experian's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681c-2 against Equifax and Experian]**

53. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

54. Under the FCRA, 15 U.S.C. § 1681c-2, within four business days of notice of Plaintiff's Dispute Letters and FTC Report, Equifax and Experian were obligated to block the information that was the result of identity theft.

55. Equifax and Experian each violated 15 U.S.C. § 1681c-2 by failing to block the fraudulent information from Plaintiff's credit profiles within four business days of receipt of Plaintiff's Dispute Letters and FTC Report.

56. As a direct and proximate result of this conduct by Equifax and Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

57. Equifax and Experian conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

58. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

59. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

60. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

61. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect her legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

## FOURTH CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Synchrony]**

62. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

63. Synchrony violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit files with Equifax and Experian; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding

Plaintiff's disputes; by failing to respond to Equifax and Experian accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its internal records to prevent the aforementioned violations.

64. Synchrony's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

65. In the alternative, Synchrony was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. As a direct and proximate result of the above-referenced violations, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

67. Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

68. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

69. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered further actual harm through delaying consumer loans as a direct and proximate result of the Fraudulent Account on her credit profiles.

70. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered further actual harm through the aforementioned emotional distress and mental anguish.

71. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered further actual harm through the aforementioned lost time.

72. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

73. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

74. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect her legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

**PRAYER FOR RELIEF**

75. **WHEREFORE,** Plaintiff prays for relief as follows:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of punitive damages;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief;
- For injunctive relief; and
- For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

76. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: January 6, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***